**VINCENT D. COMMISA, ESQ.  (VC-1594)**
20 Manger Road
West Orange, NJ 07052
(973) 821-7722
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of:<br><br>**DEREK BERNARD BATTLE**<br><br>Debtor. | Case No.:   19-23697-KCF<br><br>Chapter    7<br><br>Hearing Date:  16 March 2021<br>@ 10:00 a.m. |

### CERTIFICATION OF COUNSEL
### IN SUPPORT OF MOTION TO REOPEN CASE
### AND TO VOID LIENS

Vincent D. Commisa hereby certifies and says:

1. I am an Attorney at Law of the State of New Jersey.  I am fully familiar with the facts of the within cause and I submit this Certification in support of Debtor's Motion to Reopen the Chapter 7 proceeding pursuant to Bankruptcy Code §350 for cause and seeking a Court Order allowing for the discharge of liens and/or void liens which impair the Debtor's exemptions pursuant to Bankruptcy Code § 522(f)(1) and 522(f)(2) and pursuant to N.J.S.A. 2A:16-49.

2. Derek Bernard Battle filed a Bankruptcy Petition pursuant to Chapter 13 petition on 15 July 2019 bearing a case number 19-23697-KCF.  The Chapter 13 case was converted to a Chapter 7 case on or about 5 December 2019.  *See* Docket Text #24.

3. Thomas Orr was designated as the Chapter 7 Trustee in the proceeding and

1

administered the assets of the Chapter 7 Bankruptcy Proceeding.

4. The Debtor's only real property at the time of the Petition was 1 Barge Lane, Somerset, New Jersey 08873. The value set forth on the petition was $659,000.00.

5. The total debt pursuant to a payoff obtained from Bank of America on or about 8 May 2019 was $911,798.78. *See* Exhibit "A" attached hereto. No payments have been made and taxes have accrued. The debt exceeds value significantly.

6. On or about 10 January 2020, the First Meeting of the Creditors in the Chapter 7 was held. The meeting was continued to 3 February 2020 so the Debtor could provide documentation as to income and child support payments.

7. Since the Debtor failed to present the required documentation, Mr. Orr forwarded the case to the United States Trustee's Office who issued a subpoena for documentation as set forth in the Subpoena attached hereto as Exhibit "B". As part of the foregoing, the Trustee filed a Motion to Extend Time to Object to the Discharge among other relief of which Motion was withdrawn approximately 14 April 2020.

8. The Debtor could provide some documentation but not all documentation until an agreement was reached. Thereafter, it was agreed that the Debtor would dismiss the case.

9. However, a Final Dismissal Order was not entered and the United States Trustee's Office allowed the case to proceed based upon the fact that the Debtor provided information that he was unemployed as a result of the COVID-19 pandemic.

10. After the Trustee resolved the issues surrounding the Debtor's unemployment, Mr. Orr proceeded with his administrative function by filing a Notice of Proposed Abandonment on 26 June 2020. On the same date, he filed a Chapter 7 Trustee's Report of No Distribution.

11.    On 22 July 2020, a Certification of No Objection was filed regarding the Abandonment.

12.    Shortly thereafter on 29 July 2020, a Notice of Deficiency for Debtor's Certification of Completion of Instructional Course Concerning Financial Management was filed.

13.    On 27 August 2020, the Certification of Completion was filed on behalf of the Debtor. On 28 August 2020, an Order Discharging the Debtor was filed. On the same day, a Final Decree was entered and the Bankruptcy case was closed. *See* Discharge of Debtor attached hereto as Exhibit "C".

14.    At the time of the Bankruptcy Proceeding there existed the following judgments which were included in the original Petition:

    a.    New Century Financial Services v. Derek Battle, DJ-190636-2010 docketed 22 July 2010 in the amount of $1,653.98.

    b.    New Century Financial Services v. Derek Battle, DJ-212976-2010 docketed 18 August 2010 in the amount of $9,345.69.

    c.    New Century Financial Services v. Derek Battle, DJ-031671-2011 docketed 29 January 2011 in the amount of $5,067.21.

    d.    Pinnacle Credit Services LLC v. Derek B. Battle, DJ-097679-2013 docketed 31 May 2013 in the amount of $6,356.26.

15.    There is currently a "short sale" contract between the Debtor and a bona fide third party purchaser with no relation to the Debtor. During the Chapter 13 proceeding, the Debtor sought to sell the subject property.

16.    Based upon the "short sale" approval, the contract price is $625,000.00 and the

lender, Bank of America, is seeking to schedule a closing date with the third party purchaser. Based upon my review of the "short sale" portal, Equator, the Bank of America approval valued the property at $615,000.00.

17. As set forth herein, the payoff of the debt is $911,798.78 which confirms that there is no equity in the property to support the four named judgments as secured creditors.

18. Good cause is shown in that the Debtor cannot file a State Court Motion pursuant to N.J.S.A. 2A:16-49-1 to void the judgments since one year has not elapsed which would allow for an Order directing the judgments to be cancelled and discharged as of record and needs to reopen the file.

19. Pursuant to Bankruptcy Code § 522(f)(1) and (2), the debtor may also avoid the fixing of a lien on an interest of the Debtor to the extent that such lien impairs an exemption to which the Debtor would have been entitled to under subsection (b) provided that such lien is a judicial lien.

20. For purposes of Bankruptcy Code § 522(f)(1), a lien shall be considered to impair an exemption to the extent that the sum of the lien, all other liens on the property and the amount of the exemption that the Debtor could claim if there were no liens on the property exceeds the value of the Debtor's interest in the property would have in the absence of any liens.

21. Since this is a "short sale", the first mortgage itself exceeds the value of the lien(s). As per "short sale" guidelines, the approval obtained from the Bank closely equals the value of the property. The four liens are not considered in the calculation and one must conclude that the value of the first lien exceeds the value of the property.

22. The undersigned, as Debtor's counsel, contacted the judgment creditors who did not cooperate by agreeing to issue a partial release of the judgment as to the 1 Barge Lane property only.

23. As a matter of fact, when I first contacted three of the four judgment creditors whose debts are now owned by Resurgent Capital Services, they initially agreed to issue the partial discharge. After a follow-up conversation one week later, they had reneged on that offer stating that the judgment had to be paid in order for the release to be granted. For the other judgment creditor, I am currently awaiting the creditor contact to speak to them about a partial release.

24. Accordingly, based upon the fact that the Debtor cannot comply with the one year State Court and the fact that the Contract of Sale is pending and the judgments must be voided transfer title to sell the property to the buyer, good cause is shown hereto to reopen the case.

I hereby certify that the above statements made by me are true. I am aware that if any of the above statements made by me are willfully false, I am subject to punishment.

/s/ Vincent D. Commisa
Vincent D. Commisa, Esq.

Dated: 8 February 2021